UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Maria Antonia Preciado (1), and<br>Manuel Lucio Lara (2)<br><br>Defendants. | Case No. 17-cr-0150 (SRN/FLN)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Andrew S. Dunne and David P. Steinkamp, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for the Government.

Kevin M. O'Brien, O'Brien Law Office, 247 Third Avenue South, Minneapolis, Minnesota 55415, for Defendant Maria Antonia Preciado; and

Eric Hawkins, Hawkins Law Office, P.A., 3201 Hennepin Avenue South, Minneapolis, Minnesota 55408, for Defendant Manuel Lucio Lara.

SUSAN RICHARD NELSON, United States District Judge

**I.   INTRODUCTION**

This matter is before the Court for consideration of Defendant Maria Antonia Preciado's Objections [Doc. No. 64] to Magistrate Judge Franklin L. Noel's February 12, 2018 Report and Recommendation [Doc. No. 61] ("R&R"). The magistrate judge recommended that Defendant Preciado's motions to suppress evidence and statements obtained as a result of a search and seizure [Doc. Nos. 41, 42] be denied. For the reasons set

1

forth below, the Court overrules Defendant Preciado's Objections and adopts the R&R in its entirety.

Also on February 12, 2018, the magistrate judge issued an R&R recommending the denial of two motions to suppress by Defendant Manuel Lucio Lara [Doc. No. 62].[1] Defendant Lara has filed no objection to that R&R, so the Court will adopt the magistrate judge's recommendation and deny Defendant Lara's motions [Doc. Nos. 28, 29].

## II. BACKGROUND

The R&R documents the relevant factual and procedural background of this case, and the Court incorporates it by reference. Briefly stated, law enforcement tracked Defendant's travel from California to Minnesota, by way of Texas, after a confidential informant stated that Defendant would likely be transporting methamphetamine from California to Minnesota in a white Dodge Ram with Texas plates. (Tr. [Doc. No. 54], at 13-15.) Law enforcement obtained a warrant to track the cell phone of one of the suspected traffickers, and the movement of the phone corroborated the informant's tip. (*Id.* at 16-22.) Officer Michael Flanagan of the Minnesota Bureau of Criminal Apprehension visually confirmed that a white Dodge Ram with Texas plates was traveling through Iowa heading north, following the same path of the tracked cell phone. (*Id.* at 22-24.) He informed Minnesota State Trooper Patrick Beuning that he had "probable cause to believe that there was methamphetamine inside the vehicle." (*Id.* at 39.) Officer Flanagan remained in radio contact with Trooper Beuning during the events that followed. (*Id.* at 71.)

---

[1] Though separately filed, the February 12, 2018 R&Rs are identical. References to the R&R in the analysis below are to the R&R that recommends denial of Defendant Preciado's motions [Doc. No. 61].

After the white Dodge Ram entered Minnesota, Trooper Beuning clocked it traveling 76 miles-per-hour in a 70-mile-per-hour zone. (*Id.* at 73.) He pulled the truck over, took identification from Preciado, who was driving, and issued a warning for speeding. (*Id.* 74-83.) This took about thirty minutes, in part because it took Trooper Beuning some time to process Preciado's Mexican driver's license. (*Id.* at 81-83.) Trooper Beuning observed several things that he considered to be indicia of drug trafficking, including the strong odor of air fresheners in the truck, the presence of a dog in the truck, and inconsistency in Preciado's statement of how long they had been traveling. (*Id.* at 77-80.)

Trooper Beuning asked if he could search the vehicle, and the occupants of the vehicle agreed.[2] (*Id.* at 84.) Trooper Beuning then had the occupants exit the vehicle and wait in two squad cars while he walked his canine partner around the truck. (*Id.* at 86.) The canine alerted, and the ensuing search discovered packages of methamphetamine beneath the bed lining of the truck. (*Id.* at 89-90.)

Defendants Preciado and Manual Lucio Lara both moved to suppress the evidence obtained from the search of the truck. (*See* Mots. to Suppress [Doc. Nos. 28, 29, 41, 42].) Defendant Preciado argued that Trooper Beuning unlawfully extended the traffic stop longer than the time reasonably needed to issue a warning for speeding. (Mem. in Supp. of Pretrial Mots. [Doc. No. 57].) Magistrate Judge Noel recommended denying the motions. The magistrate judge determined that Officer Flanagan's investigation, which included cell-phone tracking and a corroborated tip from an informant, was sufficient to justify the stop of

---

[2] The parties dispute whether Trooper Beuning's request, which was made in Spanish, was misleading. This Court's analysis does not turn on whether Defendant consented to the search, however, so this dispute is academic.

3

the vehicle and the dog sniff. (R&R, at 6-8.) After the canine alerted to the presence of narcotics, the magistrate judge held, probable cause justified a warrantless search of the vehicle under the automobile exception to the warrant requirement. (*Id.* at 7-8.)

## III.   DISCUSSION

### A.  Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D. Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B.  Applicable Law

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A traffic stop constitutes a seizure under the Fourth Amendment. *United States v. Peralez*, 526 F.3d 1115, 1119 (8th Cir. 2008) (citing *Delaware v. Prouse,* 440 U.S. 648, 653 (1979)). An officer's observation of a traffic violation, even if minor, is adequate to establish probable cause for a traffic stop. *United States v. Bloomfield*, 40 F.3d 910, 915 (8th Cir. 1994). The traffic stop cannot be extended beyond the time reasonably required to complete its purpose, however, unless the extension is justified by consent or the reasonable suspicion of criminal activity. *See Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015); *United States v. Williams*, 796 F.3d 951, 957 (8th Cir. 2015). Reasonable suspicion

4

must be supported by articulable facts, and although "'the likelihood of criminal activity need not rise to the level required for probable cause,'" it must be more than a "'mere hunch.'" *United States v. Roberts*, 787 F.3d 1204, 1209 (8th Cir. 2015) (quoting *United States v. Arvizu*, 534 U.S. 266, 274 (2002)).

Searches performed without prior approval by a judge or magistrate are "*per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnotes omitted). The automobile exception to the warrant requirement permits an officer to search a vehicle without a warrant if he has probable cause to believe that the vehicle contains evidence of criminal activity. *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996); *United States v. Cortez-Palomino*, 438 F.3d 910, 913 (8th Cir. 2006). Probable cause for a search means that there is a "'fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Kattaria*, 553 F.3d 1171, 1175 (8th Cir. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

**C. Analysis**

Preciado objects that, regardless of "[w]hatever information other law enforcement officers had, the fact remains that the stop should have concluded" after Trooper Beuning gave the warning for speeding. (Def.'s Objs. to the R&R [Doc. No. 64].) Preciado makes no new arguments in her Objections, but "incorporates by reference the arguments she made in her Memorandum in Support of Pretrial Motions." (*Id.*) The Court notes that objections that merely "summarize or repeat arguments presenting to and considered by a magistrate judge are not entitled to de novo review." *Mashak v. Minnesota*, No. 11-cv-473, 2012 WL

5

928251, at *2 (D. Minn. Mar. 19, 2012); *see also Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15-cv-2626, 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017). Although the Court could overrule the Objections and adopt the R&R on that basis alone, it will nonetheless consider the merits of Preciado's original argument to the magistrate judge.

The magistrate judge's conclusion that the search of the vehicle did not violate the Fourth Amendment is based predominantly on the information that Officer Flanagan had gathered before Trooper Beuning stopped the truck, in addition to the fact that Trooper Beuning's canine partner alerted when inspecting the truck. Preciado argued before the magistrate judge that Trooper Beuning's observations made after he stopped the truck did not justify extending the stop to conduct a dog sniff. (*See* Mem. in Supp. of Pretrial Mots.) That argument, however, does not address the basis of the magistrate judge's decision. The only argument Preciado makes relevant to the magistrate judge's ruling is the following:

> The government may well point to the investigation that occurred prior to the stop, in which a confidential informant provided the government with information about Ms. Preciado's travel. But in this case, the officer who conducted the stop chose not to use the other officer's information, but instead to go forward with his investigation on a theory of consent or reasonable suspicion.

(*Id.* at 6.) Preciado does not challenge the magistrate judge's conclusion that Officer Flanagan's investigation provided reasonable suspicion for Trooper Beuning to conduct the dog sniff. Instead, Preciado summarily states that Trooper Beuning "did not use" that information. (*Id.*) This argument is unavailing.

First, it is contradicted by the record. Trooper Beuning testified that Officer Flanagan told him the truck was believed to be carrying a large quantity of

6

methamphetamine, and Trooper Beuning stated that he intended to conduct a dog sniff whether or not he obtained consent from the occupants of the car. (Tr., at 69-70, 85-86.) The record shows that Trooper Beuning relied upon Officer Flanagan's representation that he believed the truck to be carrying drugs. An officer may rely upon another officer's representation that there is probable cause to search a vehicle, as long as the officer making the representation has constitutionally-adequate support for the statement. *See United States v. Banks*, 514 F.3d 769, 776 (8th Cir. 2008) (describing the collective knowledge doctrine); *White v. United States*, 448 F.2d 250 (8th Cir. 2008); *see also Whitely v. Warden*, 401 U.S. 560, 568 (1971). Trooper Beuning did not need to know about the underlying investigation that supported Officer Flanagan's representation that there was probable cause; he was authorized to act on that representation either way. *See Whitely*, 401 U.S. at 568; *White*, 448 F.2d at 252, 254.

Further, it does not matter whether Trooper Beuning had a different basis, in his head, for extending the traffic stop to conduct a dog sniff. "It is well-settled that '[t]he test of probable cause is not the articulation of the policeman's subjective theory but the objective view of the facts.'" *United States v. O'Connell*, 841 F.2d 1408, 1419 (8th Cir. 1988) (quoting *White*, 448 F.2d at 254).

The Court agrees with Magistrate Judge Noel's determination that Officer Flanagan's investigation gave Trooper Beuning adequate reasonable suspicion to conduct a dog sniff, and that there was probable cause to search the vehicle after the dog sniff was complete. Trooper Beuning did not unlawfully extend the traffic stop when he conducted the dog sniff and search of the truck.

## IV. ORDER

The Court **OVERRULES** Preciado's Objections [Doc. No. 64] and **ADOPTS** the Magistrate Judge's February 12, 2018 Report and Recommendation [Doc. No. 61] and the Magistrate Judge's other February 12, 2018 Report and Recommendation [Doc. No. 62]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Manuel Lucio Lara's motions to suppress evidence obtained as a result of search and seizure [Doc. No. 28, 29] are **DENIED**;

2. Defendant Maria Antonia Preciado's motion to suppress evidence obtained as a result of search and seizure [Doc. No. 41] is **DENIED**; and

3. Defendant Maria Antonia Preciado's motion to suppress statements [Doc. No. 42] is **DENIED**.

Dated: April 5, 2018    **s/Susan Richard Nelson**
SUSAN RICHARD NELSON
United States District Court Judge