# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA ANTONIA PRECIADO,<br><br>Defendant. | Case No. 17-CR-150(1) (SRN/FLN)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

David Steinkamp and Andrew Dunne, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Plaintiff.

Maria Antonia Preciado, Reg. No. 21181-041, FCI-Waseca, P.O. Box 1731, Waseca, MN 56093, Pro Se Defendant.

SUSAN RICHARD NELSON, United States District Judge

**I.   INTRODUCTION**

This matter is before the Court on Defendant Maria Antonia Preciado's Pro Se Motion to Vacate Pursuant to 28 U.S.C. § 2255 [Doc. No. 146].  Based on a review of the file, record and proceedings therein, and for the reasons set forth below, the Court denies Preciado's § 2255 motion and denies an evidentiary hearing and certificate of appealability.

**II.   BACKGROUND**

  **A.   Procedural Background**

In June 2017, the Government charged Preciado and a co-defendant with one count of conspiracy to distribute methamphetamine, (Indictment [Doc. No. 1], Count 1), and one count

1

of possession with intent to distribute methamphetamine. (*Id.*, Count 2.) Initially, Preciado was represented by counsel from the Federal Defender's Office for her first appearance and preliminary detention hearing. (*See* June 29, 2017 Minute Entry [Doc. No. 5].) Shortly thereafter, on July 6, 2017, the Court appointed attorney Kevin O'Brien to represent Preciado for her subsequent proceedings. (Order Appointing Counsel [Doc. No. 17].)

With trial scheduled to begin on May 7, 2018, and after the parties had filed their pretrial submissions, Preciado pleaded guilty to the possession charge (Count 2) of the Indictment on May 4, 2018. (May 4, 2018 Minute Entry [Doc. No. 88].) Preciado acknowledged that Count 2 carried a mandatory minimum sentence of ten years imprisonment and a maximum term of life. (Plea Agmt. [Doc. No. 90] ¶ 3.) In addition, under the Plea Agreement, Preciado waived her right to appeal her sentence unless it exceeded 120 months. (*Id.* ¶ 10.) In exchange for her guilty plea, the Government agreed to move to dismiss the conspiracy charge (Count 1) at sentencing. (*Id.* ¶ 1].)

At the hearing on her change of plea, Preciado testified through a translator regarding the factual basis for her plea. (Plea Hr'g Tr. [Doc. No. 131] at 19–20; *see also* Plea Agmt. ¶ 2.) She agreed that she had knowingly transported methamphetamine to Minnesota to deliver to distributors, she knew the seized substance was later tested and proved to contain methamphetamine, she knew the drugs contained methamphetamine when she transported them to Minnesota, and she knew that doing so was illegal. (Plea Hr'g Tr. at 19–20.)

Also at the plea hearing, Preciado expressed her satisfaction with Mr. O'Brien's legal representation. (*Id.* at 5.) Furthermore, she stated that she had had the opportunity to discuss the charges with him and had told him everything she wanted him to know about her case.

(*Id.*)

Also at the plea hearing, Preciado disavowed that anyone had made promises to her, beyond the contents of the Plea Agreement, to encourage her to plead guilty. (*Id*. at 17.) Rather, she testified that she was making her guilty plea voluntarily and of her own free will, free from threats of force, coercion, or violence to her or her family. (*Id*. at 20.)

At Preciado's September 28, 2018 sentencing hearing, the Court sentenced her to a 96-month term of imprisonment—below the advisory Guidelines range—followed by three years of supervised release. (Sentencing J. [Doc. No. 121].)

On Preciado's behalf, Mr. O'Brien filed an appeal [Doc. No. 124] in October 2018 pursuant to *Anders v. California*, 386 U.S. 738 (1967), challenging the sentence, and then moved to withdraw as counsel. *United States v. Preciado*, 772 Fed. App'x 384, 385 (8th Cir. 2019). While the appeal was pending, Preciado contacted this Court via letter, seeking appointment of new counsel. (Def.'s Jan. 25, 2019 Letter [Doc. No. 141] at 1.) Preciado stated that she had had a "constant battle" with Mr. O'Brien, and that "[h]e did not help [her] at all." (*Id.*) In response to her letter, the Court advised Preciado that she could request from the Eighth Circuit Court of Appeals the appointment of a new attorney. (Mar. 20, 2019 Letter [Doc. No. 142].)

In its June 26, 2019 ruling on Preciado's appeal, the Eighth Circuit enforced her appeal waiver, finding that because "Preciado entered into the plea agreement and the appeal waiver knowingly and voluntarily, her challenge to the sentence falls within the scope of the appeal waiver, and no miscarriage of justice would result from enforcing the waiver." *Preciado*, 772 Fed. App'x at 385. In addition, the court independently reviewed the record under *Penson v.*

3

*Ohio*, 488 U.S. 75 (1988), and found no non-frivolous issues for appeal outside the scope of the appeal waiver. *Id*.

On August 8, 2020, Preciado filed the instant motion for collateral review. She argues that she received ineffective assistance of counsel during the pretrial and presentencing stages of her case, and requests remand for resentencing.[1] (2255 Mot. at 12.) The Government opposes her motion, ("Gov't's Opp'n" [Doc. No. 152]), and submits the Affidavit of Kevin O'Brien ("O'Brien Aff." [Doc. No. 152-1]) in support of its position.

### III. DISCUSSION[2]

Section 2255 provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[1] The Court notes that in her Reply, Preciado asks both for resentencing and for "a new trial." (Reply [Doc. No. 153] at 1) (stating, "I ask the courts to approve my § 2255 motion and remand my sentence," and "my general lack of understanding of the Court process as a whole without explanation from my attorney warrants a new trial.").

[2] The Court finds that Preciado's motion is timely. As applicable here, the one-year statute of limitations runs from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). When a judgment of conviction is appealed and affirmed, and a petition for certiorari is not filed, the judgment becomes final when the time expires for filing a petition for certiorari. *See Clay v. United States*, 537 U.S. 522 (2003). After the Eighth Circuit issued its judgment on June 26, 2019, Preciado had 90 days in which to petition for certiorari from the Supreme Court, *see* S. Ct. R. 13.1, but did not do so. Preciado's conviction therefore became final on September 24, 2019 (i.e., 90 days after June 26, 2019), and she timely filed her 2255 Motion on August 20, 2020, prior to the one-year deadline of September 24, 2020.

28 U.S.C. § 2255(a).

While § 2255 generally affords relief, it is only available in limited circumstances. As the Eighth Circuit has stated, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). The petitioner bears the burden of proof as to each ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citing *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969)).

    A.    **Ineffective Assistance of Counsel**

Preciado asserts several grounds in support of her claim of ineffective assistance of counsel, which the Court generally characterizes as follows: (1) counsel was deficient in his communications with Preciado; (2) counsel coerced her to sign a plea agreement that she did not understand; and (3) counsel violated his duty of confidentiality by speaking to Preciado's daughter about the case. (2255 Mot., Grounds 1 & 2.)

The Government refutes Preciado's claims, arguing that she fails to meet the high bar necessary to establish ineffective assistance of counsel. (Gov't's Opp'n at 3–9.)

    1.  **Legal Standard**

Within the context of § 2255, to establish ineffective assistance of counsel, a movant must satisfy the "heavy burden" of the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Apfel*, 97 F.3d at 1076. Under *Strickland*, "a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance

5

prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988).

To establish deficient performance, the movant must demonstrate that counsel's performance was "outside the range of professionally competent assistance," *Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997), such that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Judicial review of counsel's performance is "highly deferential," involving "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689–90. In analyzing counsel's performance, a defendant must show that counsel's errors were not the result of "reasonable professional judgment." *Id*. at 690.

To establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. To satisfy a showing of prejudice in cases involving guilty pleas, the defendant must show that "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *York v. Lockhart*, 856 F.2d 61, 63 (8th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

However, "[c]ourts should not upset a guilty plea simply because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir. 2019) (citing *Lee v. United States*, __U.S. __, 137 S. Ct. 1958, 1967 (2017), *cert. denied*, 140 S. Ct. 871 (2020)). Rather, "[j]udges should . . . look to contemporaneous evidence to substantiate a

6

defendant's expressed preferences." *Id.* (citing *Lee*, 137 S. Ct. at 1967). "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

### 2. Alleged Deficiencies in Communication

As noted, Preciado alleges that Mr. O'Brien failed to properly communicate with her due to a language barrier, and by failing to listen to her, not visiting her while she was awaiting trial, failing to adequately explain the grounds for her defense, and raising a defense with which Preciado disagreed. (2255 Mot., Ground 1; at 10; Reply [Doc. No. 153] at 1.)

#### a. Alleged Language Barrier

Regarding the alleged language barrier, Mr. O'Brien states that he is fluent in Spanish, having spent 10 years of his adult life in Spain, where he studied Spanish at the Escuela Nacional de España in Barcelona, and having been married for 35 years to a native Spaniard. (O'Brien Aff. ¶ 2.) He asserts that in his 28 years of representing Spanish-speaking clients under the Criminal Justice Act, he has never had occasion to utilize the services of a Spanish/English interpreter in order to communicate with his clients. (*Id.*) But Preciado, who is from Mexico, states that differences between Spanish, as spoken in Spain, and Spanish, as spoken in Latin America, created a language barrier that hindered her understanding of the legal proceedings. (Reply at 1.)

The facts here do not support a finding of deficient performance. Mr. O'Brien has demonstrated that he is fluent in Spanish. In light of his fluency, he has not utilized an

interpreter to communicate with his Spanish-speaking clients, and the Court presumes that many of his Spanish-speaking clients have come from Latin America, like Preciado. Mr. O'Brien had no difficulty understanding Preciado when she spoke to him in Spanish, or when he translated documents for her from English to Spanish. (O'Brien Aff. ¶ 2.)

Even more importantly, at the hearing on Preciado's guilty plea, she testified under oath that she had had the opportunity to discuss her case with Mr. O'Brien, told him everything that she wanted him to know, and was satisfied with his legal services. (Plea Hr'g Tr. at 5.) Because a guilty plea is "a solemn act not to be disregarded because of belated misgivings," *United States v. Williams*, 536 F.2d 247, 249 (8th Cir. 1976), a defendant's statements during a plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). At the plea hearing, Preciado could have informed the Court of any deficiencies regarding counsel's communication and representation. Instead, she testified to the contrary, affirming her satisfaction with Mr. O'Brien's performance. (Plea Hr'g Tr. at 5.)

The Court also finds that Preciado has not demonstrated prejudice. As noted, in cases involving guilty pleas, a defendant may allege prejudice by stating that he or she would have gone to trial and not entered a guilty plea, but for their counsel's ineffective assistance. *York*, 856 F.2d at 63 (citation omitted). Preciado makes no such claim. As noted above, the "contemporaneous evidence" of Preciado's own testimony substantiates the fact that she wished to plead guilty. *See Meza-Lopez*, 929 F.3d at 1045.

8

Accordingly, the Court finds that because Preciado has not established deficient performance or prejudice resulting from an alleged language barrier, her ineffective assistance of counsel claim fails on this basis.

### b. Alleged Lack of Visits and Poor Communication

Regarding Preciado's claims that Mr. O'Brien failed to visit with her, failed to listen, and failed to explain aspects of her defense, Mr. O'Brien states that from July 6, 2017 through May 4, 2018, he personally visited with Preciado 24 times. (O'Brien Aff. ¶ 3.) In addition, he met with her eight times following the plea hearing and through her sentencing on September 28, 2018. (*Id.*) The record also reflects that Mr. O'Brien filed numerous pretrial motions on Preciado's behalf [Doc. Nos. 34–42), including two suppression motions, and he cross-examined witnesses and presented argument at the suppression hearing. (*See* Nov. 17, 2017 Hr'g Tr. [Doc. No. 54] at 50–62, 120–30.) Also, until Preciado contacted him on May 2, 2018 stating that she wished to plead guilty, Mr. O'Brien was preparing for trial. (O'Brien Aff. ¶ 3.) As part of his preparations, Mr. O'Brien had filed proposed voir dire [Doc. No. 74] and motions in limine [Doc. No. 75, 76, 79], and had attended the final pretrial conference [Doc. No. 86].

The facts here do not support a finding of poor client communication resulting in deficient performance, nor do they support a finding of prejudice. Although Preciado claims that counsel's poor communication led to an "uninformed decision to sign my plea deal," (Reply at 1), again, she testified at the plea hearing that she was satisfied with Mr. O'Brien's representation, and had had the opportunity to discuss the charges with him and to tell him everything she wanted him to know about her case. (Plea Hr'g Tr. at 5.) She

9

also testified that she understood the charges in the Indictment, had talked to her attorney about the charges, understood the factual basis for the charge to which she pleaded guilty, and understood the potential sentence. (*Id*. at 9–12, 18–20.) Her under-oath statements "carry a strong presumption of verity[.]" *Voytik*, 778 F.2d at 1308. Preciado's testimony and the facts here foreclose her post-hoc claim of ineffective assistance based on the alleged lack of visits with counsel and poor communication. Accordingly, the Court denies Preciado's motion on this basis.

### c. Asserting a Legal Defense

Preciado also alleges that Mr. O'Brien was ineffective because he raised a particular defense against her wishes, stating, "I asked my attorney to not use a certain defense, but he used it anyway[] going against my rights as his client." (Reply at 1.) Mr. O'Brien attests that shortly before trial, he visited with Preciado for two and a half hours, during which time they exhaustively reviewed her case and possible defenses. (O'Brien Aff. ¶ 3.)

In general, when determining whether counsel's representation is deficient, "a court must avoid second-guessing trial strategy." *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (citation omitted). An attorney's strategic decisions are "virtually unchallengeable unless they are based on deficient investigation," *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006), but Preciado makes no such claim of an inadequate investigation here. Moreover, while she asserts that Mr. O'Brien asserted a legal defense against her wishes, she fails to identify the defense in question. If her counsel had *failed* to raise an applicable defense, his performance might have been unreasonable and deficient, but she asserts the opposite here.

10

The Court finds no basis for concluding that Mr. O'Brien was deficient because he raised a legal defense that, based on his training and experience, was presumably applicable. Nor does Preciado claim prejudice by stating that if Mr. O'Brien had not asserted this defense, she would have gone to trial instead of pleading guilty. *Meza-Lopez*, 929 F.3d at 1045. This ground for relief therefore fails.

### 3. Alleged Coercion

Preciado also alleges that "defens[e] counsel coerced client into signing plea agreement that was not fully understood," (2255 Mot., Ground 1), but she provides no facts supporting her claim of coercion. (Reply at 1.) Mr. O'Brien avers that when Preciado informed him of her desire to plead guilty, he spoke with her for an hour. (O'Brien Aff. ¶ 3.) Again, at the plea hearing, Preciado testified that she had had a full opportunity to discuss her case with counsel, and that no one had coerced her, forced her, threatened her, or made any promises to her in an effort to get her to plead guilty. (Plea Hr'g Tr. at 5, 17, 20.) To the contrary, she stated that she was making her plea voluntarily and of her own free will. (*Id*. at 20.) Accordingly, the Court finds that the facts here do not support a finding of coercion or that Preciado was uninformed. Nor does the record support a finding of prejudice.

In addition, because rejecting the plea agreement would not have been rational under the circumstances, *Padilla*, 559 U.S. at 372, Mr. O'Brien was not deficient for advising Preciado to plead guilty. Preciado admitted to the elements of the drug possession offense. (Plea Hr'g Tr. at 18–20; PSR [Doc. No. 111] ¶ 13.) Given her admissions and the record evidence, there is no reason to conclude that it would have been rational for her to proceed

11

to trial on both counts of the Indictment, and risk losing the Government's motion to dismiss Count 1, as well as a Guidelines reduction for the acceptance of responsibility. A reasonable attorney would have determined from the record, a review of the evidence, and Preciado's admissions that there was an adequate basis for her guilty plea, and there was sufficient evidence in the record at the time of the plea "'upon which a court [could] reasonably determine that the defendant likely committed the offense.'" *United States v. Cheney*, 571 F.3d 764, 769 (8th Cir. 2009) (quoting *United States v. Gamble*, 327 F.3d 662, 664 (8th Cir. 2003)).

For all of the foregoing reasons, the portion of Preciado's claim for ineffective assistance of counsel based on alleged coercion to plead guilty is denied.

### 4. Alleged Breach of Confidentiality

Finally, Preciado argues that Mr. O'Brien violated his duty of confidentiality by discussing the case with Preciado's daughter. (2255 Mot., Ground 2.) However, she does not explain how defense counsel infringed upon the attorney-client relationship in this regard.

Mr. O'Brien states that he frequently spoke with Preciado's adult daughter, and traveled to Preciado's home in Fort Worth, Texas, to obtain sentencing mitigation information from her daughter. (O'Brien Decl. ¶ 4.) Defendant's sentencing arguments contained mitigating information, and focused on Preciado's relationship with her daughters. (Def.'s Sentencing Position Paper [Doc. No. 108].) His conversations with Preciado's adult daughter were intended to benefit Preciado, and indeed, Preciado received a below-Guidelines sentence of 96 months. (*See* Sentencing Hr'g Tr. [Doc. No. 139] at 13–

16.)

Preciado's claim that Mr. O'Brien breached client confidentiality provides no relief here, as Mr. O'Brien was not deficient in contacting Preciado's daughter, nor does she show any prejudice resulting from his actions in this regard. Accordingly, this portion of Preciado's 2255 Motion is denied.

In sum, the Court finds that Preciado's claims of ineffective assistance of counsel are contradicted by the record and that she fails to show prejudice. Accordingly, her claims for relief based on ineffective assistance are denied.

### B.     Evidentiary Hearing

A § 2255 motion may be dismissed without a hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Moreover, where the record includes all of the information necessary for the court to rule on the motion, an evidentiary hearing is unnecessary. *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted). Applying this standard to the allegations and the record, the Court finds that Defendant fails to meet the requirements identified in *Delgado*, 162 F.3d at 983, and the record here includes all the information necessary for the Court to rule. *Covey*, 377 F.3d at 909. Accordingly, no evidentiary hearing is required in this case.

### C.     Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain

a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

### IV.   CONCLUSION

Based upon the foregoing, and all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's Pro Se Motion to Vacate Pursuant to 28 U.S.C. § 2255 [Doc. No. 146] is **DENIED**;
2. A Certificate of Appealability is **DENIED**; and
3. No evidentiary hearing is required in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 30, 2021

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge
